IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JUL - 7 2010
CLERK, US DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| CHRISTINA BOWNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:10cv327 |
| KS-VAP, PC d/b/a KOOL SMILES, ) | |
| ) | |
| KOOL SMILES VAN, PC ) | |
| ) | |
| and ) | |
| ) | |
| NCDR, L.L.C., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants KS-VAP, PC d/b/a Kool Smiles, Kool Smiles VAN, PC and NCDR, L.L.C. (collectively "Defendants"), by counsel and pursuant to 28 U.S.C. § 1441 et seq., respectfully move this Court to remove this action from the Circuit Court for the City of Portsmouth to the United States District Court for the Eastern District of Virginia, Norfolk Division, on the following grounds:

### I.     INTRODUCTION

1.     On June 4, 2010, Christina Bowne ("Plaintiff"), by counsel, filed a Complaint against Defendants in the Circuit Court for the City of Portsmouth (Case No. CL10-1347). Defendants were served on June 16, 2010. A true and exact copy of the Complaint is attached hereto as Exhibit A.

2. The Complaint alleges wrongful discharge in violation of the Virginia Constitution Article I, Section 12, and/or Virginia Code § 54.1-2709.4.A.4 / 18 VAC 60-20-170.3, .5 & .6. Plaintiff seeks damages in the amount of one-million dollars ($1,000,000.00) in compensatory damages and three-hundred fifty-thousand dollars ($350,000.00) in punitive damages.

## II. GROUNDS FOR REMOVAL

3. Plaintiff is, upon information and belief, a citizen of the Commonwealth of Virginia. Complaint ¶ 1.

4. NCDR, L.L.C. ("NCDR") is incorporated under the laws of Georgia and has its principal place of business in Georgia.

5. For purposes of removal and this Court's subject-matter jurisdiction, complete diversity of citizenship exists between Plaintiff and NCDR. See 28 U.S.C. § 1441.

6. The only non-diverse Defendants are KS-VAP, PC d/b/a Kool Smiles ("KS-VAP") and Kool Smiles VAN, PC ("Kool Smiles"). Complaint ¶¶ 2-3. However, as discussed further in Section III, infra, Plaintiff has fraudulently joined KS-VAP and Kool Smiles in an effort to defeat diversity jurisdiction, and, therefore, their citizenship should be disregarded for purposes of determining this Court's original jurisdiction.

7. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Removal of this action to this Court is proper pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

8. This notice has been timely filed under the provisions of 28 U.S.C. § 1446(b), having been filed within thirty (30) days following service on Defendants.

7231822-1

9. A true and exact copy of this Notice of Removal, with attachments, will be promptly filed with the clerk of the Circuit Court for the City of Portsmouth and served upon counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

### III. FRAUDULENT JOINDER OF DEFENDANTS KS-VAP AND KOOL SMILES

10. Fraudulent joinder of a defendant exists if the plaintiff fails to state a claim upon which relief can be granted against the nondiverse defendant. See Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999) (noting that if a plaintiff "cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor, the joinder of such party is deemed fraudulent and does not defeat diversity for federal jurisdictional purposes") (internal citation omitted). With respect to KS-VAP and Kool Smiles, the only nondiverse defendants in this case, Plaintiff does not and cannot establish a cause of action against them

12. Specifically, Plaintiff fails to state viable claims against KS-VAP and Kool Smiles because they did not employ Plaintiff. Plaintiff was employed solely by NCDR.

13. Accordingly, because KS-VAP and Kool Smiles are improper parties to this action, Plaintiff has failed to state a claim upon which relief can be granted as a matter of law. NCDR, who is already before the Court, is the proper subject of Plaintiff's suit and is the only entity from whom Plaintiff can recover. Since Plaintiff cannot establish a claim against KS-VAP or Kool Smiles, their citizenship cannot defeat this Court's diversity jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, Defendants, by counsel, respectfully request that the Court remove this case from the Circuit Court for the City of Portsmouth to the United States District Court for the Eastern District of Virginia, Norfolk Division.

7231822-1

This 6th day of July, 2010.

        Respectfully submitted,

        **KS-VAP, PC, KOOL SMILES VAN, PC AND NCDR, L.L.C.**

        By: _____[signature]_____
                  Counsel

        Steven D. Brown (VSB No. 42511)
        Alison D. Stuart (VSB. No. 77368)
        LeClairRyan, A Professional Corporation
        Riverfront Plaza, East Tower
        951 East Byrd Street, 8th Floor
        Richmond, Virginia 23219
        Telephone: (804) 783-2003
        Facsimile: (804) 783-2294
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2010, a copy of the foregoing NOTICE OF REMOVAL was sent via facsimile and first class mail, postage prepaid to:

> David A. Buzard, Esq.
> JEREMIAH A. DENTON III, P.C.
> 477 Viking Drive, Suite 100
> Virginia Beach, Virginia 23452
> *Counsel for Plaintiff*

By: _____
         Counsel

Alison D. Stuart, Esquire (VSB No. 77368)
LeClairRyan, A Professional Corporation
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
(804) 783-7516 Telephone
(804) 783-7616 Facsimile
*Counsel for Defendants*