**CT Corporation**

**Service of Process Transmittal**
06/16/2010
CT Log Number 516799539

TO: Chris Woods
NCDR, LLC
400 Galleria Pkwy SE, #800
Atlanta, GA 30339-6413

RE: **Process Served in Virginia**

FOR: Kool Smiles Van, PC (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Christina Towne, Pltf. vs. KS-VAP, PC, et al. including Kool Smiles Van, PC, Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, 1st set Interrogatories, 1st set Production of Documents |
| COURT/AGENCY: | Portsmouth City Circuit Court, VA<br>Case # 740CL10001347-00 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - Seeking $1,350,000.00 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Glen Allen, VA |
| DATE AND HOUR OF SERVICE: | By Process Server on 06/16/2010 at 15:05 |
| APPEARANCE OR ANSWER DUE: | Within 21 days after service |
| ATTORNEY(S) / SENDER(S): | David A. Buzard<br>Jeremiah A. Denton III, P.C.<br>477 Viking Drive, Suite 100<br>Virginia Beach, VA 23452<br>757/ 340-3232 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 791930534962 |
| SIGNED: | C T Corporation System |
| PER: | Tinika Baylor |
| ADDRESS: | 4701 Cox Road<br>Suite 301<br>Glen Allen, VA 23060 |
| TELEPHONE: | 804-217-7255 |

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**DEFENDANT'S EXHIBIT A**




Portsmouth Circuit Court
Civil Division
601 Crawford Street
Portsmouth, Virginia 23704

Summons

To: KOOL SMILES VAN PC
C/O CT CORPORATION SYSTEM
REGISTERED AGENT
4701 COX ROAD, SUITE 301
GLEN ALLEN, VIRGINIA 23060

Case number: 740CL10001347-00

The party upon whom this Summons and the attached Complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this Subpoena.

Done in the name of the Commonwealth of Virginia on, Wednesday, June 09, 2010.

Clerk of Court: Cynthia P. Morrison

By: _Carledthia Vincent_
(Clerk/Deputy Clerk)

Instructions:

Attorney's name: DAVID A. BUZARD

# VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF PORTSMOUTH

CHRISTINA BOWNE

        Plaintiff,

CASE NO.:_____

v.

JURY TRIAL DEMANDED

KS-VAP, PC
d/b/a KOOL SMILES
4072 VICTORY BOULEVARD
PORTSMOUTH, VA 23701

KOOL SMILES VAN, PC
400 GALLERIA PARKWAY, SUITE 800
ATLANTA, GA 30339

and

NCDR, L.L.C.
4010 VICTORY BOULEVARD
PORTSMOUTH, VA 23701

        Defendants.

SERVE:    KS-VAP, PC
             C.T. Corporation System, Registered Agent
             4701 Cox Road, Suite 301
             Glen Allen, VA 23060-6802

SERVE:    KOOL SMILES VAN, PC
             C.T. Corporation System, Registered Agent
             4701 Cox Road, Suite 301
             Glen Allen, VA 23060-6802

SERVE:    NCDR, L.L.C.
             C.T. Corporation System, Registered Agent
             4701 Cox Road, Suite 301
             Glen Allen, VA 23060-6802

## COMPLAINT

NOW COMES the plaintiff, Christina Bowne, by counsel, and hereby moves the

honorable judges of the Circuit Court for the City of Portsmouth, Virginia, for judgment against the defendants KS-VAP, PC d/b/a Kool Smiles, Kool Smiles VAN, PC, Kool Smiles PC, Inc., NCDR, L.L.C., jointly and severally, for compensatory and punitive damages, and as grounds therefor respectfully avers as follows:

### Parties

1. The plaintiff, **Christina Bowne** ("Bowne"), is a natural person, a citizen of the Commonwealth of Virginia, and resident of Chesapeake, Virginia, who at all relevant times alleged herein was employed by the defendants as the Office Manager of KS-VAP, PC, doing business as Kool Smiles, in the City of Portsmouth, Virginia.

2. The defendant **KS-VAP, PC, d/b/a Kool Smiles**, is a Virginia corporation, incorporated under the laws of the Commonwealth of Virginia on February 17, 2006 and currently in good standing, licensed to do business within the City of Portsmouth, Virginia, and doing business at its principle place of business of 4072 Victory Boulevard, Portsmouth, Virginia; and which at all relevant times alleged herein was and continues to be an "oral and maxillofacial surgeon's office" as that term is defined by Va. Code § 32.1-276.3, engaged in the provision of dental care services to the general public in the City of Portsmouth, Virginia, including dentistry, dental hygiene, and oral and maxillofacial surgery, by and through its professional clinical employees who are licensed by and subject to the laws and regulations of the Commonwealth of Virginia and the Virginia Board of Dentistry, and as such was and continues to be a health care institution licensed by and subject to the laws and regulations of the Commonwealth of Virginia and the Virginia Departments of Health and Dentistry; and which also was and is the agent and/or subsidiary of the defendants Kool Smiles VAN, PC, and/or

2

NCDR, L.L.C.

3.  The defendant **Kool Smiles VAN, PC,** is a Virginia corporation, incorporated under the laws of the Commonwealth of Virginia and currently in good standing, yet having a principle place of business at 400 Galleria Parkway, Suite 800, Atlanta, Georgia 30339; and owns, operates, manages, and/or controls various oral and maxillofacial surgeon's offices and health care institutions within the Commonwealth of Virginia, including Defendant KS-VAP, PC d/b/a Kool Smiles in the City of Portsmouth, Virginia, and thus is subject to the laws and regulations of the Commonwealth of Virginia and the Virginia Departments of Health and Dentistry.

4.  The defendant **NCDR, L.L.C.,** is, upon information and belief, a Limited Liability Company organized under the laws of the State of Georgia, and registered to do business in the Commonwealth of Virginia by the Virginia State Corporation Commission, and at all times relevant herein was and is a provider of various non-clinical support services to dental group practices owned, operated, managed, and/or controlled by Defendant Kool Smiles VAN, PC, including Defendant KS-VAP, PC d/b/a Kool Smiles in the City of Portsmouth, Virginia, and thus is a part of the oral and maxillofacial surgeon's office and health care institution which is Defendant KS-VAP, PC d/b/a Kool Smiles in the City of Portsmouth, Virginia, and subject to the laws and regulations of the Commonwealth of Virginia and the Virginia Departments of Health and Dentistry.

5.  The defendants, **KS-VAP, PC, d/b/a Kool Smiles, Kool Smiles VAN, PC,** and **NCDR, L.L.C.,** hereinafter shall be collectively referred-to as "Kool Smiles" except where differentiation among them is necessary.

3

## Facts

6. The citizens of the Commonwealth of Virginia declared in the Constitution of Virginia, at Article I, Section 12, the fundamental right that "any citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that right," and did thereby express the public policy of the Commonwealth of Virginia.

7. Title 18, Virginia Administrative Code, Part 60-20, *Regulations Governing the Practice of Dentistry and Dental Hygiene*, was promulgated by the Virginia Board of Dentistry, pursuant to Section 54.1-2400 and Chapter 27 of Title 54.1, Code of Virginia. Said statutes were enacted by the Virginia General Assembly, and regulations promulgated by the Virginia Board of Dentistry, in furtherance of protecting the health, safety, and/or welfare of the general public of the Commonwealth of Virginia.

8. Virginia Code §54.1-2709.4.A.4 requires reporting to the Board of Dentistry of "any evidence that indicates to a reasonable probability that an oral and maxillofacial surgeon licensed under this chapter is or may be professionally incompetent..." Per Title 18, Virginia Administrative Code, Section 60-20-170, acts which constitute unprofessional conduct by a licensed oral and maxillofacial surgeon include: "[m]isrepresenting to a patient and the public the materials or methods and techniques the licensee uses or intends to use; ... [d]elegating any service or operation which requires the professional competence of a dentist...; [and c]ertifying completion of a dental procedure that has not actually been completed..." 18 VAC 60-20-170.3, .5, & .6.

9. Virginia Code § 54.1-2709.4.B.4 subjects the aforesaid reporting requirement upon "[a]ll health care institutions licensed by the Commonwealth of Virginia."

4

10. Oral and maxillofacial surgeon's offices (defined at Va. Code § 32.1-276.3) derive their status as such from the licensed oral and maxillofacial surgeon(s) practicing therein, and hence are "health care institutions licensed by the Commonwealth of Virginia."

11. Bowne was employed by Kool Smiles as Office Manager of Defendant KS-VAP, PC d/b/a Kool Smiles in the City of Portsmouth, Virginia from June 2006 until she was terminated by the defendants on October 7, 2009.

12. Beginning in early 2009, a certain licensed oral and maxillofacial surgeon named "Abolahrari" began practicing in the oral and maxillofacial surgeon's office known as Defendant KS-VAP, PC d/b/a Kool Smiles in the City of Portsmouth, Virginia.

13. During Abolahrari's tenure, Bowne often observed Abolahrari to commit acts of unprofessional conduct, including: misrepresenting to patients the materials, methods and/or techniques Abolahrari had used during a procedure; delegating services requiring the professional competence of a dentist to a dental hygienist or assistant; and certifying completion of dental procedures that had not actually been completed.

14. Bowne often and continuously reported these observations to licensed oral and maxillofacial surgeons assigned to supervise the licensed oral and maxillofacial surgeons practicing in Defendant KS-VAP, PC d/b/a Kool Smiles in the City of Portsmouth, Virginia, and also to supervisory support personnel at Defendant NCDR, L.L.C..

15. However, Bowne observed Abolahrari to continue to commit acts of unprofessional conduct, without any apparent intervention by the supervisory licensed oral and maxillofacial surgeons or others to whom Bowne had reported her observations.

16. Therefore, Bowne reported her observations to the Virginia Department of Health

Professions, as was her right pursuant to Article I, Section 12 of the Constitution of Virginia; and as also was both her right and also duty under Virginia Code §54.1-2709.4.A.4 and 18 VAC 60-20-170.3, .5, & .6.

17. The Virginia Department of Health Professions investigated the complaint made by Bowne, commencing interviews of personnel at Defendants KS-VAP, PC d/b/a Kool Smiles and NCDR, L.L.C. on October 2, 2009.

18. During the course of these interviews, Kool Smiles learned that it was Bowne who had filed the complaint under investigation by the Virginia Department of Health Professions, and retaliated against Bowne by terminating her on October 7, 2009.

19. Bowne's discharge by Kool Smiles was in violation of established public policies of the Commonwealth of Virginia, expressed in Virginia Constitution Article I, Section 12, and/or Virginia Code §54.1-2709.4.A.4 /18 VAC 60-20-170.3, .5, & .6, which policies were violated by Bowne's discharge from her employment at Kool Smiles.

20. As a direct and proximate result of Kool Smiles's termination of Bowne in violation of established public policy, Bowne has suffered lost wages and income, has been prevented from transacting her business and finding replacement employment at the same level of compensation commensurate with her skills, education, and experience, has sustained serious and permanent injury, has suffered and will continue to suffer great pain of mind, and has suffered shame, humiliation, embarrassment, and indignity to her feelings.

WHEREFORE, the plaintiff, Christina Bowne, demands judgment against the defendants, KS-VAP, PC, d/b/a Kool Smiles, Kool Smiles VAN, PC, and NCDR, L.L.C., jointly and severally, in the sum of One-Million Dollars ($1,000,000.00) in compensatory damages, and

Three-Hundred Fifty-Thousand Dollars ($350,000.00) in punitive damages, together with her attorneys' fees and costs, and interest from October 7, 2009 and continuing until paid on all sums awarded or as otherwise allowed by law, and for such further relief in law and equity which this honorable court deems just and proper; further, the plaintiff demands trial by jury on all issues triable of right by a jury.

                                  Respectfully submitted,

                                  CHRISTINA BOWNE

                                  By: _____
                                        Of Counsel

David A. Buzard, Esq. (VSB #41175 )
Jeremiah A. Denton III, Esq. (VSB #19191)
JEREMIAH A. DENTON III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, VA 23452
757/340-3232 (telephone)
757/340-4505 (fax)

*Counsel for Plaintiff Christina Bowne*