IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

| | | |
|---|---|---|
| CHRISTINA BOWNE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KS-VAP, PC d/b/a KOOL SMILES, | : | Case No. 2:10-cv-327 |
| | : | |
| KOOL SMILES VAN, PC, | : | |
| | : | |
| and | : | |
| | : | |
| NCDR, LLC | : | |
| | : | |
| Defendants. | : | |

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1441, Defendants KS-VAP, PC d/b/a Kool Smiles, Kool Smiles

VAN, PC and NCDR, L.L.C. (collectively "Defendants"), by counsel, submit their

Memorandum of Law in Opposition to Plaintiff's Objection to Removal and Motion to Remand.

I.     **INTRODUCTION**

On June 4, 2010, Christina Bowne ("Plaintiff"), by counsel, filed a Complaint against

Defendants in the Circuit Court for the City of Portsmouth, alleging wrongful discharge in

violation of the Virginia Constitution Article I, Section 12, and/or Virginia Code § 54.1-

2709.4.A.4 / 18 VAC 60-20-170.3, .5 & .6.  Defendants removed the matter to this Court on July

7, 2010.  For purposes of removal and this Court's subject-matter jurisdiction, complete diversity

of citizenship exists between Plaintiff and NCDR, L.L.C. ("NCDR), as Plaintiff is a citizen of

Virginia, and NCDR is a Georgia Corporation.  See 28 U.S.C. § 1441.  The only non-diverse

Defendants are KS-VAP, PC d/b/a Kool Smiles ("KS-VAP") and Kool Smiles VAN, PC ("Kool Smiles"), both of which Plaintiff fraudulently joined in an effort to defeat diversity jurisdiction. Therefore, their citizenship should be disregarded for purposes of determining this Court's original jurisdiction.

## II.   ARGUMENT

Fraudulent joinder of a defendant exists if the plaintiff fails to state a claim upon which relief can be granted against the nondiverse defendant. See Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999) (noting that if a plaintiff "cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor, the joinder of such party is deemed fraudulent and does not defeat diversity for federal jurisdictional purposes") (internal citation omitted). With respect to KS-VAP and Kool Smiles, the only nondiverse defendants in this case, Plaintiff does not and cannot establish a cause of action against them. Specifically, Plaintiff fails to state viable claims against KS-VAP and Kool Smiles because they did not employ Plaintiff. Plaintiff was employed solely by NCDR.

NCDR offers various non-clinical services to dental practices, including providing support staff. See Plaintiff's Brief in Support of Objection to Removal and Motion to Remand ("Pl. Brief in Support") ¶5. Plaintiff was hired by NCDR in June 2006. A true and accurate copy of Plaintiff's Offer Letter from NCDR is attached hereto as Exhibit A. NCDR placed Plaintiff at the Kool Smiles office in Portsmouth to serve as Office Manager. See Answer ¶ 11. Plaintiff's supervisor was an employee of NCDR. Plaintiff's wages were paid by NCDR. Pl. Brief in Support ¶ 5. When her employment was terminated, it was done so by her supervisor and the Director of Human Resources, both NCDR employees. See Answer ¶ 11. As the above

7293374-1

facts indicate, while Plaintiff was physically located at a Kool Smiles office, she was, at all times, an employee of NCDR.

Plaintiff seeks to remand this matter on the theory that the defendants "act in such consort with each other as to behave as one entity engaged in the business of dentistry." Pl. Brief in Support ¶ 6. Therefore, she contends, KS-VAP and Kool Smiles are proper parties to this action and defeat diversity. However, Plaintiff fails to include any authority which establishes this as a valid reason for remand.

Plaintiff's employment with NCDR is analogous to that of an individual employed by a staffing agency. In West v. MCI Worldcom, Inc., 205 F.Supp.2d 531 (E.D. Va. 2002), the plaintiff was hired by Maxim, a staffing company that employs individuals with technical capabilities and assigns them to work on various projects for its clients. Id. at 533. Maxim placed Plaintiff with MCI as a Systems Developer. Id. She later filed a Title VII claim against MCI for gender discrimination. As a threshold issue, the court considered whether MCI was West's employer.

In determining whether West was an employee of MCI, the court pointed to several factors which made it clear that she was an employee of the staffing agency and not MCI – (1) her work was not directly supervised by MCI; (2) MCI did not pay her directly for her services; (3) MCI did not assume responsibility for her tax withholding obligations; and (4) her employment agreement stated that she was an employee of Maxim. Id. at 540-541. The court found that allowing West to sue MCI as her employer would be "irreconcilable with the unambiguous intent of the parties that West [was] not an employee of MCI." Id. at 541. See also Alford v. Martin & Gass, Inc., No. 1:08cv595, 2009 U.S. Dist. LEXIS 15110 (E.D. Va.

7293374-1

Feb. 25, 2009) (finding that Plaintiff's attempt to sue Defendant was improper, as Defendant was not his true employer) (attached hereto as Exhibit B).

The same can be said of the present situation. Bowne's supervisor was an employee of NCDR; Bowne was paid by NCDR; her W-2 came from NCDR; and her offer letter was from NCDR. NCDR's staffing decision to place Bowne in a Kool Smiles office does not change the fact that she was an employee of NCDR. Therefore, any grievance she has regarding her termination must be addressed solely to NCDR.

Because KS-VAP and Kool Smiles are improper parties to this action, Plaintiff has failed, as a matter of law, to state a claim against them upon which relief can be granted. NCDR, who is already before this Court, is the proper subject of Plaintiff's suit and is the only entity from whom Plaintiff can recover. Since Plaintiff cannot establish a claim against KS-VAP or Kool Smiles, their citizenship cannot defeat this Court's diversity jurisdiction.

## III.   CONCLUSION

Wherefore, for the foregoing reasons, Defendants KS-VAP, PC d/b/a Kool Smiles, Kool Smiles VAN, PC and NCDR, L.L.C. respectfully request that this Court deny Plaintiff's Motion to Remand and allow this case to remain in the United States District Court for the Eastern District of Virginia, Norfolk Division.

This 13th day of August, 2010.

Respectfully submitted,

**KS-VAP, PC, KOOL SMILES VAN, PC AND NCDR, L.L.C.**

By: ____ /s/ Alison D. Stuart _____
            Counsel

Steven D. Brown (VSB No. 42511)
Alison D. Stuart (VSB. No. 77368)

7293374-1

LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
Telephone: (804) 783-2003
Facsimile: (804) 783-2294
*Counsel for Defendants*
*KS-VAP, PC d/b/a Kool Smiles,*
*Kool Smiles VAN, PC, and NCDR, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of August, 2010, I electronically filed the foregoing

BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO

REMAND with the Clerk of Court using the Case Management/ Electronic Case Filing system

(CM/ECF), which will send notification of such filing to the following counsel of record:

Jeremiah A. Denton, III, Esq.
David A. Buzard, Esq.
JEREMIAH A. DENTON III, P.C.
477 Viking Drive, Suite 100
Virginia Beach, Virginia 23452
*Counsel for Plaintiff*

By: /s/ Alison D. Stuart
Alison D. Stuart, Esquire (VSB No. 77368)
LeClairRyan, A Professional Corporation
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
(804) 783-7516 Telephone
(804) 783-7616 Facsimile
*Counsel for Defendants*
*KS-VAP, PC d/b/a Kool Smiles,*
*Kool Smiles VAN, PC, and NCDR, LLC*

7293374-1